# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THOMAS HOWARD HULL,<br><br>        Petitioner,<br><br>vs.<br><br>CHANDRA HULL, *et al.*,<br><br>        Respondents.[1] | Case No. 3:21-cv-00045-RRB |

## ORDER REGARDING SECTION 2241 PROCEEDINGS

Thomas Howard Hull has filed a Habeas Petition, under 28 U.S.C. § 2241, claiming the state court is violating his rights in his state civil divorce proceedings.[2]

The Court takes judicial notice[3] that the state court processed a Certificate of Absolute Divorce or Dissolution for Thomas Hull and Chandra Hull on

---

[1] The proper respondent in a habeas proceeding is the petitioner's *custodian*, not another party in a state civil case, the state court judge, or a city or state government. *See, e.g., Rumsfield v. Padilla*, 542 U.S. 426, 434–36 (2004). However, that issue need not be more fully addressed in this dismissal.

[2] Docket 1; *Thomas H. Hull v. Chandra L. Hull*, Alaska Superior Court Case No. 3AN-18-09366CI. After he filed the Petition, the Court issued a Text Order rejecting filings which "appear to bear fingerprint impressions made in actual blood. A petitioner's fingerprint(s) are not necessary for any court filing, and has no legal significance. However, adulterating a court filing with blood, or any body fluid, creates a health and safety risk for court personnel." Docket 3. Mr. Hull has stated that he has not submitted any documents with fingerprints appearing in actual blood. Docket 6. Therefore, the Court will now consider and dismiss the Petition.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact. . . ." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records . . . from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South*

December 31, 2020, and the state court records show no filing of an appeal.[4] Further, on February 17, 2021, the state court granted Mr. Hull's Motion for Case to be Postponed for 90 Days.[5] At least part of the case, therefore, appears to be ongoing.

## SCREENING REQUIREMENT

Federal courts have general habeas jurisdiction under 28 U.S.C. § 2241.[6] Although a petitioner may properly challenge state pretrial detention under § 2241,[7] this Court is required to "promptly examine" a habeas petition.[8] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . ."[9]

---

*Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n.2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.,

[4] https://records.courts.alaska.gov/eaccess/searchresults, *Hull v. Hull*, 3AN-18-09366CI, https://appellate-records.courts.alaska.gov/CMSPublic/Search/PartyNameSearch.

[5] *Hull v. Hull*, 3AN-18-09366CI.

[6] *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[7] *See Stow v. Murashige,* 389 F.3d 880, 885–88 (9th Cir. 2004).

[8] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The same procedural rules for 28 U.S.C. § 2254 and § 2255 govern 28 U.S.C. § 2241.

[9] *Id.*

In conducting its review of a self-represented litigant's pleadings, a court must liberally construe the pleadings and give the petitioner the benefit of the doubt.[10]

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[11] The writ "is a vital 'instrument for the protection of individual liberty' against government power."[12]

Under 28 U.S.C. § 2241, this Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[13] This habeas statute provides federal courts with general habeas corpus jurisdiction.[14] 28 U.S.C. § 2241 is the proper avenue for a state prisoner who wishes to challenge his state custody without a state criminal judgment.[15]

---

[10] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[11] *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

[12] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015); *quoting Boumediene v. Bush*, 553 U.S. 723, 743 (2008).

[13] 28 U.S.C. § 2241(c)(3).

[14] *See Magana-Pizano*, 200 F.3d at 608 & n.4.

[15] *Stow*, 389 F.3d at 885-88 (quoting *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004) ("By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment- for example, a defendant in pre-trial detention or awaiting extradition.")).

But Mr. Hull has requested that this Court grant relief by ordering as follows:

> The administrator to be disbarred for obstruction of justice, practicing law behind the bench, allowing the defendant full access [to] property, funds, equipment, marital & non-marital assets totaling nearly or roughly $500,000.00, which I have received nothing in this joint marriage. The State of Alaska allowed this obstruction of justice under administrator Jennifer Henderson of the Superior Court. Order defendant to repay claimant half of all net worth -- $250,000.00 dollars. Reverse all Judgments and orders by this administer, Jennifer Henderson. Restore Claimant equal equity which was stolen by defendant, thru administrator, under the color of law.[16]

In this case, Mr. Hull is challenging events occurring in his civil divorce or dissolution proceedings. This Court, however, is not a court of appeals for state court decisions, and the Court has no jurisdiction to hear such a challenge.[17] The proper court in which to obtain review of a state court decision in such a civil case, after exhausting available state appellate remedies, is the United States Supreme Court.[18]

---

[16] Docket 1 at 7. The Court takes judicial notice that Defendant Jennifer Henderson is a judge for the Superior Court of the State of Alaska, in the Third Judicial District at Anchorage. *See* http://www.ajc.state.ak.us/judges/judgemain.html.

[17] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review … of those judgments"); *see also Younger v. Harris*, 401 U.S. 37, 54 (1971) (a federal court cannot interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief.").

[18] *See* 28 U.S.C. § 1257; *see also Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 476.

Case 3:21-cv-00045-RRB, *Hull v. Hull*
Order of Dismissal
Page 4 of 5

Case 3:21-cv-00045-RRB   Document 9   Filed 04/02/21   Page 4 of 5

Mr. Hull's § 2241 Petition in *Hull v. Houser*, 3:21-cv-00031-SLG-MMS, in which he challenges his pretrial detention in ongoing state *criminal* proceedings, will be addressed separately.

**IT IS HEREBY ORDERED:**

1. This case is DISMISSED WITH PREJUDICE.

2. The Clerk of Court is directed to enter Judgment accordingly.

Dated at Anchorage, Alaska, this 2nd day of April, 2021.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge